UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUCIANA TOMAS,

      Plaintiff,

v.

LIQUOR LOUNGE CAFE, INC.,
TMFW, INC. D/B/A DEWEY'S TAVERN,
LOVETT HOSPITALITY MANAGEMENT
D/B/A SAND BAR + KITCHEN,
CHRISTINE WILCOX, TIMOTHY WILCOX,
BOBBY WILCOX,

      Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, LUCIANA TOMAS, brings this action against Defendants, LIQUOR LOUNGE CAFE, INC., TMFW, INC. D/B/A DEWEY'S TAVERN, LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN, CHRISTINE WILCOX, TIMOTHY WILCOX, and BOBBY WILCOX, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff LUCIANA TOMAS was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, LIQUOR LOUNGE CAFE, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of bar and restaurant operations, at all times material hereto was the "employer" of Plaintiff as that

term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Defendant, TMFW, INC. D/B/A DEWEY'S TAVERN, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of bar and restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of bar and restaurant operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, CHRISTINE WILCOX, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, LIQUOR LOUNGE CAFE, INC., TMFW, INC. D/B/A DEWEY'S TAVERN, and LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of LIQUOR LOUNGE CAFE, INC., TMFW, INC. D/B/A DEWEY'S TAVERN, LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN. Accordingly, CHRISTINE WILCOX was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant, TIMOTHY WILCOX, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, LIQUOR LOUNGE CAFE, INC., TMFW, INC. D/B/A

DEWEY'S TAVERN, LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of LIQUOR LOUNGE CAFE, INC., TMFW, INC. D/B/A DEWEY'S TAVERN, and LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN. Accordingly, TIMOTHY WILCOX was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendant, BOBBY WILCOX, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendant, TMFW, INC. D/B/A DEWEY'S TAVERN, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of TMFW, INC. D/B/A DEWEY'S TAVERN. Accordingly, BOBBY WILCOX was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendants, LIQUOR LOUNGE CAFE, INC., TMFW, INC. D/B/A DEWEY'S TAVERN, and LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10. Defendants LIQUOR LOUNGE CAFE, INC. and TMFW, INC. D/B/A DEWEY'S TAVERN were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

11. Defendant, BOBBY WILCOX, employed Plaintiff as a housekeeper and, along with Defendants LIQUOR LOUNGE CAFE, INC. and TMFW, INC. D/B/A DEWEY'S TAVERN, were

joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

12. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

13. Plaintiff LUCIANA TOMAS worked for Defendants as a general laborer and housekeeper.

14. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

15. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process. Plaintiff's claims against Defendant LOVETT HOSPITALITY MANAGEMENT D/B/A SAND BAR + KITCHEN are for the period of on or about 5/20/20 through on or about 7/8/20. Plaintiff's claims against Defendants LIQUOR LOUNGE CAFE, INC. and TMFW, INC. D/B/A DEWEY'S TAVERN are for the period of on or about 9/23/17 and on or about 3/18/20. These dates may change as information is uncovered during the discovery process.

16. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

17. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

18. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:    (786) 358-6071
    Email: ekoz@kozlawfirm.com

    _/s/ Elliot A. Kozolchyk_
    _____
    Elliot Kozolchyk, Esq.
    Bar No.: 74791